Keith D. Cable, Esq., CA SBN 170055
CABLE LAW OFFICES
2377 Gold Meadow Way, Suite 100
Gold River, CA 95670
Telephone:     (916) 631-1588
Facsimile:     (916) 984-5775

Attorneys for Plaintiff
MARY E. MARQUES-CARAMICO

UNITED STATES DISTRICT COURT

IN AND FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. MARQUES-CARAMICO,<br><br>                    Plaintiff,<br><br>vs.<br><br>RAKESH PATEL, FALGUNI PATEL, and<br>DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: C03-04626 HRL<br><br>**COMPLAINT FOR INJUNCTIVE,<br>DECLARATORY, AND<br>MONETARY RELIEF** |

## <u>COMPLAINT</u>

Plaintiff complains of Defendants herein and alleges as follows:

**INTRODUCTION:**

*1.*  This case arises out of Defendants' failure to provide persons with disabilities the minimum legally required access to The Wilkie's Inn, located at 1038 Lighthouse Avenue, Pacific Grove, California (the "INN"), which facilities and real property are owned, operated, controlled and/or maintained by Defendants RAKESH PATEL and FALGUNI PATEL.

2. The INN is characterized by architectural barriers including, *inter alia*, inaccessible guestrooms, inaccessible entrances, and other inaccessible elements. Defendants knew and know that it is required by federal law to maintain a facility free from barriers to access.  Defendants have failed to meet these federal requirements and have denied equal access to persons with disabilities.

3. Defendants have denied equal access to Plaintiff based solely on her disabilities in that Defendants have knowingly and intentionally refused to comply with the requirements of federal and state law regarding access to public facilities.  Plaintiff does not know the names of the individuals sued as DOE Defendants, and have therefore sued those Defendants using fictitious names.  Plaintiff will seek leave to amend the pleadings when those names are ascertained.

**INTRODUCTION:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and Section 1343(a)(3) & (a)(4) for violations of the Americans With Disabilities Act of 1990; 42 U.S.C. Section 12101, et. seq.

5. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California's Unruh Civil Rights Act and California's Disabled Persons Act, which acts expressly incorporate the Americans With Disabilities Act.

6. This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. Sections 2201 and 2202.

**VENUE:**

7.  Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.  Title III of the ADA required Defendants to remove barriers to access by January 26, 1992, to make its facility accessible.  Defendants were required to proceed to make the necessary modifications. Defendants were required to have completed structural changes in its facility over a decade ago, and, in any event, no later than January 26, 1992.  Defendants have arbitrarily and intentionally refused to complete the necessary and required structural changes to its facility by the January 26, 1992 date as mandated by federal law. Defendants' failure to adequately remove barriers which fully meet the requirements of the ADA have denied, and continues to deny, Plaintiff her rightful opportunity for equal access.

9.  As a public accommodation charged with ensuring compliance with federal law, Defendants have known since 1992 of its duties and obligations under Title III of the ADA.  Despite this knowledge, Defendants have arbitrarily and intentionally refused to adequately comply with the ADA's requirement that new facilities be maintained free from barriers.

10. As a public accommodation, Defendants have engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disabilities. Defendants directly participated in or acquiesced in the conduct or acts of omission

described in this Complaint.  Defendants' discrimination against Plaintiff solely on the basis of her disabilities has been, and continues to be, arbitrary, knowing and intentional.

11. Defendants fail to provide the minimum legally required access to the INN, and the INN is characterized by multiple and pervasive architectural barriers, to wit: lack of accessible guestrooms, inaccessible entrances, and other inaccessible elements

**12.** Plaintiff alleges that, on information and belief, there are other current violations of the ADA at the INN, owned and operated by Defendants, which were not specifically identified herein as Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

**PARTIES:**

13. Plaintiff MARY E. MARQUES-CARAMICO is a person with disabilities who lives in Monterey County, California.  Plaintiff MARY E. MARQUES-CARAMICO uses a wheelchair and is a "physically handicapped person," "physically disabled person, " and  "person with physical disabilities" (hereinafter the terms  "physically disabled," "physically handicapped" and "persons with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, California Disabled Persons Act, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff MARY E. MARQUES-CARAMICO is a

"person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff MARY E. MARQUES-CARAMICO requires the use of a wheelchair to travel about in public.  Within one year prior to the filing of the original Complaint, Plaintiff MARY E. MARQUES-CARAMICO desired and tried to fully use the INN, owned, operated, controlled and/or maintained by Defendants, but was unable to do so because Defendants have failed to bring the INN into compliance with applicable law with respect to access for persons with disabilities.  By failing and refusing to build and operate its INN so that it is accessible, Defendants have subjected, and are subjecting, Plaintiff MARY E. MARQUES-CARAMICO to unlawful discrimination and unequal treatment solely on the basis of her physical disability. MARY E. MARQUES-CARAMICO continues to desire to visit the INN, but continues to be denied full and safe access due to the violations, which continue to exist.  The conduct of Defendants, unless restrained by the Court, will continue to cause Plaintiff MARY E. MARQUES-CARAMICO irreparable injury.

14. Defendants are individuals residing in Pacific Grove, Monterey County, California. Defendants are authorized to conduct, and are, in fact, conducting business within the State of California as the The Wilkie's Inn. The INN, including the property to which it is situated, is owned and operated by Defendants, and is a place of public accommodation as defined by Title III of the ADA.

15. Defendants have the responsibility for establishing policies and removing barriers at the INN, including the policies concerning budgetary allocations.

16. Plaintiff alleges that the Defendants are responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.

17. Defendants have known that the INN violated applicable access requirements and standards, but have refused to rectify the violations. Defendants' violations have been knowing and intentional.

## I.     FIRST CAUSE OF ACTION – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 – 42 U.S.C. SECTION 12101, ET.SEQ.

18. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint.

19. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A). Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. 36.104, the INN, owned and operated by Defendants, is a place of public accommodation in that it is a INN which provides goods and services to the public.

20. Defendants have discriminated, and continue to discriminate against Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the INN in derogation of 42 U.S.C. § 12101 et. seq.

21. Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at, the INN. Prior to the filing of this lawsuit, Plaintiff

visited the INN and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact, to wit: emotional distress, humiliation, and embarrassment. Moreover, Plaintiff suffers from a urinary bladder condition and the emotional distress suffered by Plaintiff aggravated and/or exacerbated that condition, resulting in pain and discomfort. Plaintiff continues to desire to visit the INN, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers remaining at the INN in violation of the ADA. MARY E. MARQUES-CARAMICO has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

23. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

24. Pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.304, Defendants were required to make its INN, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

25. Defendants' acts and omissions alleged herein are in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12101, et.seq., and the regulations promulgated thereunder, 28 C.F.R. Part 35, et.seq.

26. Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate such law.  This conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.  Consequently, Plaintiff is entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. § 12188).

27. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

28. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

29. Wherefore, Plaintiff prays for relief as hereinafter stated.

II.   **SECOND CAUSE OF ACTION – VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE SECTIONS 54, ET.SEQ.**

30. Plaintiff re-alleges and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint and incorporates them herein as if separately repled.

31. The actions of the Defendants have violated and continue to violate the Unruh Civil Rights Act, Cal. Civ. Code Sections 51 et.seq., in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled.

32. As of January 1, 1993 and thereafter, Defendants have committed additional violations of the Unruh Civil Rights Act in that conduct alleged herein constitutes violations of various provisions of the ADA, U.S.C. Sections 12101 et.seq, as set forth above, including Defendants' failure to remove architectural barriers which were readily achievable to remove.

33. The actions of the Defendants were and are in violation of the Unruh Civil Rights Act, Cal. Civ. Code Sections 51 et. seq. and, therefore, Plaintiff is entitled to injunctive relief.  In addition, Defendants are liable to Plaintiff for each and every offense for actual damages incurred, but in no case less than $4,000.00 per offense. Plaintiff is also entitled to attorney's fees.

34. Wherefore, Plaintiff prays for relief and damages as hereinafter stated.

## III.     THIRD CAUSE OF ACTION – VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT, CIVIL CODE SECTION 54, ET.SEQ.

35. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint.

36. Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code, Section 54 et. seq. and therefore, Plaintiff is entitled to injunctive relief

remedying the discrimination.  Plaintiff is also entitled to damages pursuant to California Civil Code Section 54.3 for each offense.

37. Plaintiff is also entitled to reasonable attorney's fees and costs.

38. Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

## IV.    FOURTH CAUSE OF ACTION - NEGLIGENCE

39. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint.

40. Defendants had a duty to exercise ordinary care.

41. Defendants failed to exercise ordinary care.  Specifically, Defendants failed to fulfill their mandatory statutory duties under the Americans With Disabilities Act of 1990 and the regulations promulgated thereunder and California Civil Code Sections 51 & 54 et.seq.

42. As an actual and proximate result of Defendants' failure to exercise ordinary care and comply with its mandatory statutory duties, Plaintiff has suffered damages in an amount to be determined by proof.

43. Wherefore, Plaintiff prays that this Court grant relief and damages as hereinafter stated:

## V.    FIFTH CAUSE OF ACTION – DECLARATORY RELIEF

44. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint.

45. Plaintiff contends, and is informed and believes, that Defendants deny that the INN, owned, operated, controlled and/or maintained by Defendants, fails to comply with

applicable law prohibiting discrimination against persons with disabilities and is in violation of the Americans With Disabilities Act, 42 U.S.C Sections § 12101 et.seq.

46. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

Wherefore, Plaintiff prays that this Court grant relief and damages as hereinafter stated:

**RELIEF REQUESTED:**

Plaintiff prays that this Court award damages and provide relief as follows:

A. An Order and Judgment enjoining Defendants from violating the Americans With Disabilities Act, the Unruh Civil Rights Act; and the California Disabled Persons Act;

B. A declaration that the INN, owned and operated by Defendants, is designed and owned, operated and/or maintained in a manner which discriminates against persons with physical disabilities and which fails to provide full access for person with disabilities as required by law;

C. An Order and Judgment directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA, the Unruh Civil Rights Act; and the California Disabled Persons Act;

D. An Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable

1    time so as to allow Defendants to undertake and complete corrective

2    procedures

3    E.  Damages according to proof;

4    F.  Plaintiffs' reasonable attorney's fees and costs; and

5    G.  For such other and further relief as the Court may deem just and

6    proper.

7

8    Dated this _____ day of October 2003.

9

10    CABLE LAW OFFICES

11

12    By:_____
                    Keith D. Cable, Esq.
13                  Attorney for Plaintiff
                    MARY E. MARQUES-CARAMICO
14

15

16

17

18

19

20

21

22